IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMONT DuBOSE,

    Petitioner,

v.                                      Civil Action No. 5:15CV100
                                                 (STAMP)

TERRY O'BRIEN, Warden,

    Respondent.


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING THE REPORT AND**
**RECOMMENDATION OF THE MAGISTRATE JUDGE**

I.  Background

At issue is the pro se petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241"). The petitioner asserts that the recent holding in Johnson v. United States, 135 S. Ct. 2551 (2015), applies to his case. Previously, the petitioner pleaded guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g). At the time of sentencing, the sentencing court[1] determined that the Armed Career Criminal Act ("ACCA") applied, which resulted in a sentence of 180 months. The petitioner later filed a motion under 28 U.S.C. § 2255 ("§ 2255"), which the court denied.

United States Magistrate Judge Michael John Aloi then entered a report and recommendation, wherein he recommends that the petitioner's petition be dismissed without prejudice to the

---

[1]The petitioner pleaded guilty in and was sentenced by the United States District Court for the District of Massachusetts.

petitioner's right to seek authorization from the United States Court of Appeals for the First Circuit to file a second or successive motion under 28 U.S.C. § 2255. ECF No. 12. The magistrate judge points out that the petitioner's § 2241 petition is an improper vehicle for his claim under <u>Johnson</u>. Rather, he should pursue relief under <u>Johnson</u> by seeking authorization to file a second or successive § 2255 motion. Therefore, Magistrate Judge Aloi recommends that the petitioner's petition be dismissed without prejudice. The petitioner did not file objections to the report and recommendation.

For the reasons set forth below, the report and recommendation of the magistrate judge is AFFIRMED AND ADOPTED. Accordingly, the petitioner's petition is DISMISSED WITHOUT PREJUDICE to the petitioner's right to seek authorization from the First Circuit to file a second or successive § 2255 motion.

## II. <u>Applicable Law</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in <u>United States v. United States Gypsum Co.</u>, "a finding is 'clearly erroneous' when although there is evidence to support it,

the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

### III. Discussion

After reviewing the record and the parties' filings, this Court finds no clear error as to the findings of the magistrate judge. The magistrate judge correctly states that a federal prisoner may seek relief under § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (the "savings clause"); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, under the savings clause, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d at 1194 n.5 (internal citations omitted). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

3

The "gatekeeping provisions" referenced above state the following:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or(2) **a new rule of constitutional law**, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(1-2) (emphasis added).

In this case, the Court in <u>Johnson</u> announced a new rule of constitutional law, which may be retroactively applied on collateral review. Therefore, the gatekeeping provision quoted above has been satisfied. That means that the petitioner cannot demonstrate that § 2255 is inadequate or ineffective to test the legality of his sentence. Moreover, he has previously filed a § 2255 motion, which was denied. Thus, as the magistrate judge points out, the petitioner must now seek authorization from the appropriate court of appeals in order to file a second or successive § 2255 motion.

Upon a review of the record and the findings of the magistrate judge, this Court is not "left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948). Therefore, the findings of the magistrate judge are not clearly erroneous, and thus, the report and recommendation is AFFIRMED AND ADOPTED in its entirety.

## IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge is AFFIRMED AND ADOPTED. Accordingly, the petitioner's petition is DISMISSED WITHOUT PREJUDICE as to the petitioner's right to seek authorization to file a second or successive § 2255 motion. Further, it is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    May 31, 2016

                                  /s/ Frederick P. Stamp, Jr.
                                  FREDERICK P. STAMP, JR.
                                  UNITED STATES DISTRICT JUDGE